THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ ÁNGEL HOFFMAN PÉREZ, Defendant and Appellant.

No. CR-71-61.     Decided April 4, 1972.

556

*Carlos R. Noriega* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

After having been accused and convicted of the possession, conveyance, and concealment of heroin (24 L.P.R.A. §§ 974 and 974z), appellant was sentenced to serve from 8 to 16 years in the penitentiary, on each count, to be served concurrently. The jury's verdict was by a majority of 11 to 1.

The facts of the case are summarized by the Solicitor General as follows:

"On January 24, 1967, four special officers of the Police force were on their way in a motor vehicle to Ward Piñas of Toa Alta. In passing by Comerío Street in Bayamón they observed that on the sidewalk there was a group of eight or nine persons making a transaction, and they inferred that it was a question of a person selling lottery tickets at surcharge. The officers went to the place where the group of persons was. Officer Basilio Dávila [*sic*] got out of the official vehicle and proceeded toward the group. Defendant-appellant José Ángel Hoffman Pérez was among them, with his back to the street, and

officer Dávila [*sic*] approached from the rear. The officer observed that the appellant delivered to another young man a white paper wrapper of those known as decks in exchange for the amount of three dollars. Then officer Dávila [*sic*] made a signal to the other officers in the automobile. Upon observing the signal officer Alfredo Padilla Rosado approached the group and observed that appellant had in his hands two or three small paper envelopes and was delivering another heroin deck to one of the youths present there. At that moment the officers identified themselves as such and proceeded to arrest defendant-appellant. The latter resisted the arrest and put into his mouth two bills and a piece of paper which he had in his hands, trying to swallow them. While defendant-appellant struggled violently with the officers, officer Dávila [*sic*] searched him and found in the right pocket of his pants a white small envelope with blue lines known as a deck, two hypodermic needles and a plastic syringe. In view of the fact that the defendant kept on struggling and was masticating what he had put in his mouth, officer Dávila [*sic*] introduced a blackjack through the mouth and in that manner was able to pull out the bills and the crushed paper. The chemical analysis of the paper pulled out of defendant-appellant's mouth gave a negative result. Nevertheless, the analysis of the wrapper seized from the pocket gave a positive result of heroin.

"For these acts Hoffman Pérez was accused of the offenses of possession, conveyance and concealment of the narcotic drug known as heroin. He was taken that same day before Judge Víctor R. Toro of the Court of Investigations of San Juan, and the latter determined that there was probable cause for the arrest and ordered his incarceration for the said offenses.

"Later a preliminary hearing was held before another magistrate at the District Court, Bayamón Part, who determined that probable cause existed to accuse Hoffman Pérez for the two offenses mentioned, that is, for the possession and for conveyance, and concealment of heroin."

Let us consider below the different assignments on which the defendant grounds his appeal.

1.—The admission of the evidence obtained from the search of appellant's pants is challenged because it is closely

related with the evidence obtained from his mouth. The latter was not admitted because the court considered that the manner in which it was obtained was unreasonable.

■ Appellant argues that the search of the pants was secondary, incidental, and contemporaneous to the search of his mouth and the latter being illegal, the evidence obtained from his pants constitutes the "fruit of a poisonous tree."

In the case before us, the police officers with years of experience in the investigation of drug cases and acquainted with the decks of heroin had well-founded reasons to believe that appellant was committing an offense in their presence inasmuch as they observed when he delivered the decks of heroin to others. Therefore, his arrest was lawful, as was the search of his person by virtue of which the heroin envelopes which have given rise to this cause against him were seized. *People* v. *Robles Rivera*, 95 P.R.R. 575, 577–578 (1967) ; *People* v. *Cabrera Cepeda*, 92 P.R.R. 68, 72 (1965).

■ 2.—Appellant assigns that the trial court erred in not instructing the jury properly as to the significance of the suppressed evidence related to the result of the original search. He argues that the following instruction is confusing and inconsistent.

". . . The court did not admit in evidence what was obtained from the defendant's mouth. Therefore, the court instructs you that you should not take into consideration the testimonies that concern what was obtained from defendant's mouth, which it was said were some bills and a small white paper with a supposed deck. You will not take into consideration that evidence under any circumstance to pass upon defendant's innocence or guilt, that testimony is admissible as part of the 'res gestae,' as part of the transaction, but it is not admissible to determine as to defendant's innocence or guilt."

Later on, in the course of its instructions, the trial court informed the jury that ". . . Any evidence which the court has not permitted to be admitted in evidence or any evidence which the court has ordered to be eliminated and has in-

structed you not to take into consideration, should be completely disregarded by you."

Afterwards when a member of the jury expressed having some small doubt as to the evidence not admitted, the trial judge informed the jury that:

"The court did not admit that evidence and you should not take it into consideration to make any determination as to defendant's innocence or guilt. You shall only take into consideration the evidence presented and admitted by the court."

Even though the instruction first set forth is not the most adequate, the court clarified the question in the subsequent instructions. Furthermore, it has not been shown that for that reason appellant's substantial rights were prejudiced. *People* v. *Méndez Cabo*, 91 P.R.R. 826, 829 (1965).

3.—It is argued that the following instruction to the jury, as to the impeachment of officer Basilio Rivera's testimony upon referring to the alleged two sales of heroin, is erroneous for insufficiency:

". . . in this case in the defense's cross-examination of witness Basilio Rivera the latter was confronted with a sworn statement which had been previously offered. Regarding this aspect the court instructs you thus: The defense has impeached the credibility of witness Basilio Rivera on the ground that he failed to testify previously on essential facts about which he testified during the trial. The Law says: 'It is proper to impeach the credibility of a witness for failure to state relevant facts in connection with the matter under investigation and that naturally and reasonably it was expected that he would state them when he had the first opportunity to do so even though not asked specifically about it. A witness may also be impeached by evidence that he has made, at other times, statements inconsistent with his present testimony.' You shall consider the impeachment made only for the purpose of determining the credibility that the witness may deserve, you being the only judges of the effect of said evidence as to the witness' credibility. . . ."

■ The insufficiency consists, according to appellant, in that the instructions do not point out the substantial facts which the court considers challenged; that since it is difficult for a layman to distinguish between using a deposition to impeach the credibility of a witness and to establish a fact as true, it was important to establish in the instruction ". . . a clear difference about the scope of written statements when used to impeach, pointing to them . . . that . . . it can only be considered . . . for the purpose of impeaching . . ." and " . . . not as independent evidence to make its findings of fact" in accordance with *Cintrón* v. *A. Roig, Sucrs.*, 74 P.R.R. 957, 963 (1953). See *People* v. *Alicea Cruz, ante*, p. 294; *People* v. *Ribas*, 83 P.R.R. 371 (1961). Although the instruction could have been complemented, for more clarity, for the purpose of indicating that the sworn statement cannot be considered as independent evidence of the facts of the case, the trial court clarified this question somewhat more in its subsequent instructions upon charging that the presumption that every witness says the truth may be discredited or rejected by evidence affecting his truthfulness, honesty, integrity or his motives.

We conclude that any possible insufficiency in this instruction was unsubstantial, therefore it could not cause prejudice to appellant's substantial rights so as to require the reversal of the judgment in this case.

■ 4.—It is assigned that "The due process of law was violated and that defendant was denied a fair and impartial trial, in the court permitting evidence of two alleged sales of heroin, without the People of Puerto Rico having filed a formal information against the defendant for the afore-mentioned violations of the Narcotics Act."

Even though the admission of that evidence was not timely objected to, it is maintained that its admission consti-tutes such a fundamental error that it was not cured with the instruction given by the court to the jury to the effect that

what was under its consideration was whether the appellant possessed, or concealed and conveyed the heroin and no other case; that the evidence about a certain transaction could not be considered for the purpose of deciding whether defendant was innocent or guilty of having possessed heroin or whether he concealed or conveyed it.

The evidence of the alleged sale of heroin was admissible inasmuch as it formed part of the same transaction and it was what gave well-founded reasons to the officers to arrest and search appellant.

■ 5.—Appellant assigns that pursuant to *People* v. *Landmark, ante*, p. 72, the instruction to the effect that the appellant could be condemned or acquitted in any or all of the offenses charged, or that is, that the jury could return a separate verdict in each case and was not compelled to return the same verdict in both charges, constituted a prejudicial error.

The doctrine of *Landmark, supra*, is not applicable inasmuch as in the case at bar it was a question of accusations of possessing and of conveying and concealing heroin and the jury found appellant guilty in both counts so that the instruction challenged did not produce any confusion nor resulted in the jury returning inconsistent verdicts under circumstances similar to those in *Landmark, supra*. Therefore, the aforementioned instruction did not cause any prejudice whatsoever to any of appellant's fundamental rights.

6–7.—It is argued that the trial court erred in instructing the jury about Rule 16 of the Rules of Criminal Procedure and in transmitting a confusing and inconsistent instruction and in unduly repeating others.

Appellant informs us that:

"We challenge said instruction because it seems to us inappropriate for several reasons: (a) *because it tends to confuse the jury,* (b) *because it is inconsistent* with the court's deci-

sion excluding the objects obtained from defendant's mouth, (c) because it asserts as a fact that defendant violently resisted arrest, (d) because it does not take into consideration the circumstances that surrounded defendant's arrest and assumes that there is no controversy regarding the grounded reasons that the officers had to intervene with appellant." (Italics in the original.)

He adds that the court did not instruct the jury as to the difference between a lawful and an unlawful arrest, as required by *People* v. *Santiago*, 78 P.R.R. 627, 637 (1955), and *People* v. *López Rivera*, 89 P.R.R. 774, 791–792 (1964), inasmuch as the evidence of the facts as to the probable cause was conflicting.

Lastly, appellant says that while the court gave a marked emphasis to the fact that the heroin is a narcotic drug and to those effects read to the jury § 29 of the Narcotics Act, ". . . the reverse occurs when it concerns instructions that may be favorable to defendant"; that the court should have transmitted instructions ". . . on some type of corroboration that in some manner and independently, would tend to connect defendant with the facts of the case." We do not agree.

■ The instruction on Rule 16 of the Rules of Criminal Procedure[1] was justified inasmuch as the evidence for the prosecution established that appellant forcibly resisted the arrest trying to flee and the officers had to use force to effect the arrest.

■ It was unnecessary to submit to the jury the question as to whether or not there was well-founded reason to arrest appellant inasmuch as the evidence shows that the officers saw appellant transferring to other persons some decks of those used in the traffic of heroin, what gave reasonable

[1] Said rule provides, in synthesis, that when a person upon being arrested flees or forcibly resists, the officer may use all the means necessary to effect the arrest.

ground for appellant's arrest, the evidence as to this question not being conflicting in any manner whatsoever.

■ Since the offenses charged consisted in the violation of § 29 of the Narcotics Act, reading it to the jury did not constitute an error.

■ Since the Narcotics Act does not provide anything with respect to the corroboration of the peace officers' testimonies, it was not proper to transmit to the jury any instruction to that effect.

■ 8.—Lastly, it is assigned that the prison sentence of from 8 to 16 years was too excessive.

In *People* v. *Pedroza Muriel*, 98 P.R.R. 34, 39 (1969), we reduced the punishment imposed of from 8 to 15 years in the penitentiary to the punishment of 5 to 10 years in the penitentiary because it did not concern a drug dealer. We believe, nevertheless, that under the circumstances of this case, the punishment imposed, which is within the limits of from 5 to 20 years in the penitentiary prescribed by law, is not excessive.

In view of the foregoing, the judgment rendered by the Superior Court, Bayamón Part, on June 18, 1968, should be affirmed.

Mr. Chief Justice Negrón Fernández did not participate in this decision.